UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LUIS OTERO and ZACHARY JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:19-cv-396 |
| INDIANA HARBOR BELT RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Protective Order Regarding the Deposition of Dr. Conibear and Other Medical Witnesses [DE 34] filed by the defendant, Indiana Harbor Belt Railroad Company, on February 22, 2021.  For the following reasons, the Motion for Protective Order is **DENIED**.

*Background*

The plaintiffs, Luis Otero and Zachary Johnson, initiated this lawsuit on October 14, 2019.  The plaintiffs' complaint alleges that the defendant, Indiana Harbor Belt Railroad Company, their employer, discriminated against them in violation of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601, *et seq*., and the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101, *et seq*.  Otero claims that he filed an application to renew his intermittent FMLA leave related to his diabetes on July 30, 2018.  As part of the application he submitted to a medical examination on August 16, 2018 and shortly thereafter learned his request was approved.  However, on October 5, 2018, Otero claims that the defendant removed him from service and informed him that he was medically disqualified until he

submitted to another medical examination. The doctor who conducted the second examination concluded that Otero could return to work with "accommodations." However, on October 24, 2018, Otero claims that the defendant refused to let him return to work and that he was medically disqualified without pay.

Johnson claims that he was diagnosed with hypertension in 2017 which caused him to experience occasional severe headaches. As a result, he applied for FMLA leave in late 2017. Johnson claims that his request was approved on November 15, 2018. However, that same day he was notified that he was required to submit to a medical examination at the defendant's clinic. On November 20, 2018, the day after the medical examination, Johnson claims that the defendant notified him that because of his use of FMLA leave for hypertension, he was not medically qualified for service. Allegedly, the defendant gave Johnson two options: either withdraw his FMLA leave request or submit a written statement from his health care provider explaining why he would be able to safely perform his job in light of his requested FMLA leave.

On February 22, 2021, the defendant filed the instant motion requesting that the court grant a protective order governing the terms and conditions of the deposition of Dr. Shirley Conibear, as well as the terms and conditions of the depositions of other medical witnesses in this case. Specifically, the defendant argued that Dr. Conibear was an expert witness pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(1) and therefore was entitled to a reasonable fee to be paid by the plaintiffs, the parties who were seeking the discovery. In the alternative, the defendant requested that the plaintiffs be limited to questions relating to factual matters, as opposed to opinion or specialized knowledge testimony, during the deposition. On March 8, 2021, the plaintiffs responded in opposition, claiming Dr. Conibear has not been designated as an expert, but rather was an "occurrence witness" with direct personal knowledge of the facts of this

case. Because the motion and response were filed prior to the deposition of Dr. Conibear and her status was not clear from the pleadings, the court gave the parties fourteen (14) days to supplement their pleadings in accordance with the deposition testimony [DE 42]. Both parties did so timely.

*Discussion*

**Federal Rule of Civil Procedure 26(b)(4)** requires that the party seeking a deposition of an expert witness whose opinions may be presented at trial to "pay the expert a reasonable fee for time spent in responding to discovery." Non-expert witnesses "shall be paid an attendance fee of $40 per day for each day's attendance." **28 U.S.C. § 1821(b)**. The parties do not dispute this requirement, rather the dispute lies in whether Dr. Conibear's testimony should be designated as "expert" testimony under Rule 26.

Dr. Conibear is the Medical Review Officer for the defendant. Her job is to consult with the defendant in making employee fitness for duty evaluations and to provide other consultation on medical issues. The plaintiffs argued that although Dr. Conibear is a medical doctor who otherwise qualifies as an expert, her deposition was not scheduled to provide expert testimony within the definition of Federal Rule of Evidence 702. Additionally, the plaintiffs argue that Dr. Conibear has not been disclosed as an expert witness by the defendant, but rather as an "individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." **Rule 26(a)(1)**. Therefore, the plaintiffs claim that Dr. Conibear is only entitled to the standard $40 per day attendance fee provided to any other witness under federal law. Finally, the plaintiffs argue, that even if Dr. Conibear is disclosed as an expert witness in this case, she is not entitled to a reasonable fee payable by the plaintiffs because they are not calling her to render an expert opinion as to any "fact in issue." The plaintiffs maintain this

argument in their supplement which was filed after the deposition took place. The plaintiffs rely on *Biomet, Inc. v. Bonutti Skeletal Innovations LLC*, 2015 WL 13657628, at *1 (N.D. Ind. June 9, 2015) to support their position.

In *Biomet, Inc.*, the court found that because Klaassen, a surgeon consultant of the plaintiff's, "was not disclosed as an expert by anyone, he [wa]s not entitled to the expert witness 'reasonable compensation' provision of Rule 26." *Biomet, Inc.*, 2015 WL 13657628, at *2. The court stressed "the fact that no party ha[d] disclosed, designated, or sought Klaassen's expert opinion [wa]s crucial to [it's] [] determination of whether he [wa]s entitled to 'reasonable compensation' for his deposition testimony." 2015 WL 13657628, at *2. The court went on to say that "even if some of Klaassen's deposition testimony [wa]s expert opinion it d[id] not trigger the 'reasonable fee" provision … rather the remedy for any expert opinion offered by a non-designated expert is its exclusion at trial." 2015 WL 13657628, at *3.

The defendant argues that the facts in *Biomet, Inc*. were entirely different from this case because the witness there was "sought as a fact witness, not as an expert." The defendant also noted the court's finding that while the witness was an expert, the testimony sought was purely factual. There is no dispute between the parties that Dr. Conibear is a medical doctor and that she has given the defendant medical advice concerning its employees. The plaintiffs, however, claim that the testimony sought was purely factual as in *Biomet, Inc*.

The plaintiffs' argument that the testimony sought from Dr. Cornibear was purely factual is defeated by the deposition transcript itself. For example, the plaintiffs' questions of Dr. Conibear included: "[s]o what does hypoglycemia mean to you," "[d]oes a person always become unconscious when they experience hypoglycemia," "[s]o is it fair to say that taking insulin lowers somebody's blood sugar," and "what are the symptoms of hyperglycemia?"

While this weighs in favor of the defendant's argument that the plaintiffs sought expert testimony from Dr. Conibear and that she is entitled to a reasonable fee, the fact remains that Dr. Conibear has not been disclosed as an expert witness by the defendant. Therefore, Rule 26(b)(4)(E)(i) does not apply. The court agrees with the **Biomet, Inc**. court in that the correct inquiry in regards to whether Dr. Conibear is entitled to a reasonable fee paid by the plaintiffs, is whether Dr. Conibear was disclosed as an expert witness. While the defendant claims that Dr. Conibear "will be disclosed" as a Rule 26(a)(2)(C) expert, that is not sufficient until the disclosure is made of record.

Since portions of Dr. Conibear's deposition testimony is in fact expert testimony, but given by a non-designated expert, the correct remedy is "exclusion at trial." **Biomet, Inc.**, 2015 WL 13657628, at *3; **Federal Rule of Civil Procedure 26(a)(2)**. Therefore, Dr. Conibear's expert testimony is not admissible in dispositive motions or at trial, and the plaintiffs are only responsible to pay the attendance fee of $40.00 per day. **28 U.S.C. § 1821(b)**.

Finally, in addition to Dr. Conibear, the defendant requests that the court enter a protective order concerning all other medical experts that the plaintiffs may seek to depose. This request is premature as the court has not been made aware of any other depositions at issue. Any additional disputes regarding future depositions can be handled as issues arise.

Based on the foregoing, reasons, the Motion for Protective Order Regarding the Deposition of Dr. Conibear and Other Medical Witnesses [DE 34] is **DENIED**.

ENTERED this 6th day of April, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge